

# NUMBER 13-09-316-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF P.L.C., III, A JUVENILE

**On appeal from the 156th District Court
of Bee County, Texas, Sitting as a Juvenile Court.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion by Justice Vela**

This is an appeal from an order transferring appellant, P.L.C., III, to the Institutional Division of the Texas Department of Criminal Justice ("TDCJ-CID") pursuant to section 54.11(i) of the Texas Family Code. TEX. FAM. CODE. ANN. § 54.11(i) (Vernon Supp. 2009). Appellant's appointed counsel has filed a brief with this Court stating that the appeal is wholly frivolous and without merit. We affirm.

## I. Background

On October 2, 2007, appellant pleaded true to allegations that he engaged in delinquent conduct—indecency with a child. At a disposition hearing, appellant was committed to the Texas Youth Commission ("TYC") for a determinate sentence of fifteen years. He did not appeal that order.

On April 17, 2009, shortly before appellant's nineteenth birthday, the trial court heard TYC's request for a transfer hearing to determine whether appellant should be transferred to TDCJ-ID. Appellant had not completed his fifteen-year sentence and TYC believed that appellant's conduct while at TYC indicated that he should be transferred to TDCJ-CID. After an evidentiary hearing, the trial court ordered appellant to be transferred to TDCJ-ID for completion of his fifteen-year sentence.

## II. Compliance with *Anders*

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that there are no arguable grounds for reversal. *See id.*; *In re D.A.S.,* 973 S.W.2d 296, 298 (Tex. 1998) (orig. proceeding) (applying procedures enumerated in *Anders* to juvenile matters and noting that "[a]lthough juvenile cases are classified as civil proceedings, they are quasi-criminal in nature."). Counsel's brief discusses relevant portions of the record as they pertain to the sufficiency of the evidence to support the transfer. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal

authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 Tex. Crim. App. 1991).

Including record references to the facts and setting out pertinent legal authorities, appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's order transferring appellant from the TYC to the TDCJ-ID. *See High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has stated to this Court that she is unable to raise any arguable issue for appeal and has forwarded a copy of the brief and her request to withdraw as counsel to appellant. Counsel also provided appellant with a copy of the record and informed appellant of his right to review the record and to file a pro se response. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n. 23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman,* 252 S.W.3d at 409.

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford,* 813 S.W.2d at 509. Accordingly, we affirm the

3

transfer order of the trial court.

### IV. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n. 17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted). We grant counsel's motion to withdraw that was carried with the case. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for further review. *See* TEX. FAM. CODE ANN. § 56.01(a) (Vernon Supp. 2009); *see also* TEX. R. APP. P. 48.4 (requiring, in criminal cases, the attorney representing a defendant on appeal to send the client a copy of the court of appeals' opinion and judgment within five days); *see also In re Schulman,* 252 S.W.3d at 412 n. 35; *Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

ROSE VELA
Justice

Delivered and filed the 11th
day of February, 2010.

4